Sean J. Kirby
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, New York  10112
Telephone:     212.653.8700
Facsimile:     212.653.8701

Gregory F. Hurley (*Pro Hac Vice Pending)*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, California  92626-1993
Telephone:     714.513.5100
Facsimile:     714.513.5130

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YONY SOSA, ON BEHALF OF HIMSELF AND ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC RECORDING CORPORATION,<br><br>Defendant. | Case No. 1:20-cv-05185-AT<br>Honorable Analisa Torres<br><br>**ANSWER TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant Atlantic Recording Corporation ("Defendant"), through its undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, in answer to the Complaint of plaintiff Yony Sosa ("Plaintiff"), admits, denies, and alleges as follows:

<u>INTRODUCTION</u>

1.      In response to Paragraph 1 of the Complaint, Defendant denies each and every allegation, but admits that Plaintiff purports to assert the claims therein.

2.      In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

-1-

3.      In response to Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

4.      In response to Paragraph 4 of the Complaint, Defendant denies each and every allegation.

5.      In response to Paragraph 5 of the Complaint, Defendant denies each and every allegation.  The subject website speaks for itself.

<u>JURISDICTION AND VENUE</u>

6.      In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.      In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8.      In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.      In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10.     In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

<u>THE PARTIES</u>

11.     In response to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

12.     In response to Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant admits that it is a Delaware corporation, is registered to do business in New York with a principal place of business at 1633 Broadway, New York, New York, 10019, and operates a website located at http://www.atlanticrecords.com.  Defendant is not required to answer legal conclusions and argument, and on that basis, denies all other allegations of Paragraph 13.

14.     In response to Paragraph 14 of the Complaint, Defendant admits that it operates a website located at http://www.atlanticrecords.com and denies all other allegations.  The subject website speaks for itself.

15.     In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

NATURE OF ACTION

16.     In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

17.     In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

18.     In response to Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

19.     In response to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

20.     In response to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

21.     In response to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

<u>STATEMENT OF FACTS</u>

<u>Defendant's Barriers On Its Website</u>

22.     In response to Paragraph 22 of the Complaint, Defendant admits only that it operates a website located at http://www.atlanticrecords.com.   Defendant is not required to answer legal conclusions and argument, and on that basis, denies all other allegations of Paragraph 22.  The subject website speaks for itself.

23.     In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

24.     In response to Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

25.     In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation.

26.     In response to Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27.     In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28.     In response to Paragraph 28 of the Complaint, Defendant denies each and every allegation.

<u>Defendant Must Remove Barriers To Its Website</u>

29.     In response to Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30.     In response to Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31.     In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32.     In response to Paragraph 32 of the Complaint, Defendant denies each and every allegation.

33.     In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34.     In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35.     In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36.     In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37.     In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38.     In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39.     In response to Paragraph 39 of the Complaint, Defendant denies each and every allegation.

40.     In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation.

<u>CLASS ACTION ALLEGATIONS</u>

41.     In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42.     In response to Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43.     In response to Paragraph 43 of the Complaint, Defendant denies each and every allegation.

44.     In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation.

45.     In response to Paragraph 45 of the Complaint, Defendant denies each and every allegation.

46.     In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation.

47.     In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48.     In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE ADA, 42 U.S.C. § 1281 *et seq.*

49.     In response to Paragraph 49 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 48 of this Answer as set forth above.

50.     In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51.     In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.     In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     In response to Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.     In response to Paragraph 54 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

55.     In response to Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.  To the extent a response is required, Defendant denies each and every allegation.

56.     In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

SECOND CAUSE OF ACTION
VIOLATIONS OF THE NYSHRL

57.     In response to Paragraph 57 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 56 of this Answer as set forth above.

58.     In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59.     In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60.     In response to Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61.     In response to Paragraph 61 of the Complaint, Defendant denies each and every allegation.

62.     In response to Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

63.     In response to Paragraph 63 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

64.     In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation.

65.     In response to Paragraph 65 of the Complaint, Defendant denies each and every allegation.

66.     In response to Paragraph 66 of the Complaint, Defendant denies each and every allegation.

67.     In response to Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68.     In response to Paragraph 68 of the Complaint, Defendant denies each and every allegation.

69.     In response to Paragraph 69 of the Complaint, Defendant denies each and every allegation.

70.     In response to Paragraph 70 of the Complaint, Defendant denies each and every allegation.

71.     In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

THIRD CAUSE OF ACTION
VIOLATION OF THE NYCHRL

72.     In response to Paragraph 72 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 71 of this Answer as set forth above.

73.     In response to Paragraph 73 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

74.     In response to Paragraph 74 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

75.     In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

76.     In response to Paragraph 76 of the Complaint, Defendant denies each and every allegation.

77.     In response to Paragraph 77 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

78.     In response to Paragraph 78 of the Complaint, Defendant denies each and every allegation.

79.     In response to Paragraph 79 of the Complaint, Defendant denies each and every allegation.

80.     In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81.     In response to Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82.     In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation.

83.     In response to Paragraph 83 of the Complaint, Defendant denies each and every allegation.

84.     In response to Paragraph 84 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

FOURTH CAUSE OF ACTION
DECLARATORY RELIEF

85.     In response to Paragraph 85 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 84 of this Answer as set forth above.

86.     In response to Paragraph 86 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

87.     In response to Paragraph 87 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.     Plaintiff lacks standing to pursue his alleged claims.  To show standing, "a plaintiff has the burden of proving: (1) that he or he suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he never attempted to access Defendant's website, and/or he does not intend to access Defendant's website in the future.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.     Plaintiff's claims are barred to the extent they are based on visits to the subject website beyond the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

3.     The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

(Effective Access)

4.      The alleged barriers provided effective access to Plaintiff.  Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, Defendant's website nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in the Complaint was *de minimis*, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website, and/or Plaintiff could have called Defendant's offices to obtain the information allegedly sought.

**FIFTH AFFIRMATIVE DEFENSE**

(Defendant Provided Services Via Alternative Methods)

5.      Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

**SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

6.      Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron but a serial plaintiff who filed this lawsuit to try to obtain a monetary settlement.  Plaintiff's counsel Gottlieb & Associates' current website violates the same accessibility standards that Plaintiff seeks to enforce, as shown below.



## SEVENTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

7.     Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with applicable standards, if any applicable standards exist, for the alleged barriers identified in the Complaint would be technically infeasible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

8.     Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in the Complaint, those changes are not required under federal or state law, and any requirements to make those changes would impose an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices, and Procedures)

9.      Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for or sought assistance.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

10.      Plaintiff failed to properly mitigate his alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly attempt to fabricate his damages and therefore is precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

11.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## TWELFTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Was Not Readily Achievable)

12.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when considering the factors set forth at 42 U.S.C. § 12181.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

13.     The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

14.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, laws, and circumstances known to them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Mootness)

15.     Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any exist, and/or the website is usable and accessible to persons with a vision disability, including Plaintiff, and/or Plaintiff is able to use and access Defendant's website.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

16.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Ripeness/Lack of Due Process)

17.     Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites (as explained further in the attached letters from certain members of Congress, certain members of the Senate, and certain State Attorney Generals).  *See* Exhibits A, B, and C.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

18.     Plaintiff's claims are barred under the doctrine of primary jurisdiction.

## NINETEENTH AFFIRMATIVE DEFENSE

(Communications Decency Act)

19.     Defendant is immune from liability for the claims in Plaintiff's Complaint pursuant to Section 230 of the Communications Decency Act to the extent that the content on Defendant's website is third-party content not under Defendant's control.

## TWENTIETH AFFIRMATIVE DEFENSE

(Effective Communication)

20.     Plaintiff's    claims    are    barred    because    Defendant    provided    effective communication.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of his Complaint;

-16-

3.      That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and

4.      For such further and other relief as the Court may deem just and proper.

DATED:  September 21, 2020               Sheppard Mullin Richter & Hampton LLP

By  _s/ *Sean J. Kirby*_____
      Sean J. Kirby
      30 Rockefeller Plaza
      New York, New York 10112
      skirby@sheppardmullin.com

      Gregory F. Hurley
      650 Town Center Drive, 10th Floor
      Costa Mesa, California  92626-1993
      ghurley@sheppardmullin.com

      *Attorney for Defendant*
      *Atlantic Recording Corporation*

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

DATED:  September 21, 2020               Sheppard Mullin Richter & Hampton LLP

By  _s/ *Sean J. Kirby*_____
      Sean J. Kirby
      30 Rockefeller Plaza
      New York, New York 10112
      skirby@sheppardmullin.com

      Gregory F. Hurley
      650 Town Center Drive, 10th Floor
      Costa Mesa, California  92626-1993
      ghurley@sheppardmullin.com

      *Attorney for Defendant*
      *Atlantic Recording Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I, Sean J. Kirby, hereby certify that on September 21, 2020, true and correct copies of

Defendant Atlantic Record Corporation's Answer to Class Action Complaint was served upon all

counsel of record via the Court's Electronic Case Filing system.

Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
**GOTTLIEB & ASSOCIATES**
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284
jeffrey@gottlieb.legal
danalgottlieb@aol.com

*Attorneys for Plaintiff*

_____*s/ Sean J. Kirby*_____
Sean J. Kirby